O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JERRY CHRIS BAKER,                    )          CASE NO. ED CV 11-00268 RZ
                                      )
                    Plaintiff,        )
                                      )          MEMORANDUM OPINION
            vs.                       )          AND ORDER
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
                    Defendant.        )
_____  )

        This matter was here once before, and the Administrative Law Judge's decision on remand forms the basis for the first of four errors that Plaintiff Jerry Chris Baker asserts in this action. In the prior action, the Court directed that, at Step 2 of the sequential evaluation, the Administrative Law Judge take as given that Plaintiff suffers from a severe mental impairment. [AR AR 433-34] Plaintiff asserts that the Administrative Law Judge has not followed the Court's order.

        An administrative agency is obligated to follow an order of the Court upon remand, and failure to do so itself constitutes legal error, which justifies further remand. *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989). On remand, the Administrative Law Judge found that Plaintiff suffered from the severe impairment of a mood disorder [AR 414]. He did not specifically find that Plaintiff's depression was severe, although in the body of his decision he referenced this Court's prior order, and considered Plaintiff's

depression, along with Plaintiff's other impairments, in reaching his decision. [AR 417-18] The Administrative Law Judge did as this Court ordered, and found that Plaintiff suffered a mental impairment at Step 2. In addition, he considered the impact of all mental impairments, whether severe or not. This was sufficient compliance with the Court's prior mandate.

Plaintiff also complains that the Administrative Law Judge's decision is not backed by substantial evidence. It is difficult to understand Plaintiff's argument, because much of it simply seems to be a disagreement with how the Administrative Law Judge interpreted the evidence. Interpretation of the evidence, of course, is his province, not the Court's, even where differing interpretations might be reasonable. *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001). However, it does also appear that Plaintiff complains of the Administrative Law Judge's failure to find that Plaintiff has a severe impairment arising from his carpal tunnel syndrome.

In the first decision, the same Administrative Law Judge found that Plaintiff had a severe impairment arising from carpal tunnel syndrome. [AR 58] Two pieces of evidence were cited, a nerve conduction study [AR 59] and an examination by Dr. Simpkins [AR 279-80]. Those two pieces of evidence also were cited in the second decision [AR 415]. However, the second time around the Administrative Law Judge also cited a consultative examination that took place after the first decision. [*Id.*] In that consultative examination, the doctor made no mention of carpal tunnel syndrome, and the Administrative Law Judge relied on the absence of any mention, as well as the absence of findings in recent treatment records, to support his conclusion that the carpal tunnel syndrome was not a severe impairment. [AR 416]

This is a sustainable conclusion, because the evidence was thin to begin with. While the nerve conduction study did find an abnormality that was consistent with entrapment of the median nerves at the right wrist, the physician conducting the study also stated that the study needed to be correlated clinically. [AR 204] Dr. Simpkins did find, on clinical examination, bilateral carpal tunnel syndrome, but he described it as mild, and

more pronounced on the right than the left.  [AR 280]  His statement contained no other description of the syndrome or its impact on Petitioner.  By the time of the consultative examination after the first decision, however, as noted there was no mention of it at all, and no findings in recent records.  With the fairly weak evidence to begin with, the Administrative Law Judge was within his authority in interpreting the new evidence as swinging the determination the other way, and concluding that there was not a severe impairment relating to carpal tunnel syndrome.

Plaintiff's next argument is that the Administrative Law Judge wrongly found him to be not entirely credible.  An administrative law judge is not required to believe a claimant, and may discount the claimant's allegations of pain, using ordinary techniques of evaluating a witness, if he gives specific and legitimate reasons for doing so.  *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).  The Administrative Law Judge here noted that, despite the claims of physical pain, Plaintiff was not taking pain medications.  [AR 419]  This was in contrast to the fact that Plaintiff *was* taking psychotropic medications, and the inference to be drawn was that Plaintiff did not hesitate to take medications when he needed them.

The Administrative Law Judge also found that the extent of Plaintiff's alleged pain was inconsistent with certain activities he engaged in, and also that his belief that he could not even bend down to pick up cans was certainly inconsistent with his efforts to lift a sofa; the Administrative Law Judge acknowledged that Plaintiff stated that he was laid up for two days after the sofa-lifting incident, but focused instead on the fact that a person who professed to suffer incapacitating back pain would not even try.  [AR 419]  It may have been reasonable to reach other conclusions from this evidence, but these conclusions that the Administrative Law Judge reached were themselves reasonable, and were specific, and that is all that is required.  *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Plaintiff's final argument is that the Administrative Law Judge erred in finding that there were other jobs in the economy that Plaintiff could perform.  Plaintiff faults the Administrative Law Judge for only identifying the number of jobs that existed in the

national economy, not the regional economy.  But the governing statute only provides that there must be work that exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  This means that there must be work in significant numbers either in the region where the Plaintiff lives, or in several regions in the country.  20 C.F.R. § 404.1566(b).  Hence, stating the number of qualifying jobs in the national economy satisfied the statutory requirement.  As a back-up argument, Plaintiff asserts that the number of regional jobs to which the vocational expert testified was too low, but the numbers, especially when added together, have been held sufficient by the courts. *Barker v. Secretary of Health and Human Services*, 882 F.2d 1474, 1478-79 (9th Cir. 1989).

The Court finds none of Plaintiff's arguments sufficient to justify a further reversal and remand.  Accordingly, the decision of the Commissioner is affirmed.

DATED:   November 29, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE